UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN COLELLA and PATRICIA PIERCE-COLELLA,

    Plaintiffs,

v.     Case No.:  5:25-cv-293-SPC-PRL

STEVEN G. ROGERS, FIRST FEDERAL BANK OF KANSAS CITY, and BROCK & SCOTT, PLLC,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is pro se Plaintiff Brian Colella's Motion for Temporary Restraining Order ("TRO").  (Doc. 3).  For the below reasons the Court denies the motion and dismisses the complaint.

Plaintiff brings this action to challenge a foreclosure proceeding.  He alleges that he is the "General Executor" of the Colella Estate-Trust.  (Doc. 1 ¶ 3).  And a foreclosure proceeding was initiated against a home "associated with" the trust.  (Doc. 2 at 1).  Plaintiff describes the proceeding as fraudulent and sues the "*alleged* circuit judge," Defendant Steven G. Rogers, the "*alleged* issuing bank" of the mortgage, Defendant First Federal Bank of Kansas City, and a law firm associated with the proceedings, Defendant Brock & Scott, PLLC.  (Doc. 1 ¶¶ 4, 7).  He summarily claims Defendants have violated 42

U.S.C. § 1983 and § 1985 and seeks declaratory relief under 28 U.S.C. § 2201. (*Id*. at 3–4). He also moves for a TRO and preliminary injunction. (Doc. 3).

First, the Court denies Plaintiff's motion for injunctive relief. A district court may issue a temporary restraining order without notice to the adverse party if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate. The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Plaintiff has not certified in writing any efforts made to provide notice of the motion and the reasons why notice should not be required. He does not seriously attempt to argue any of the injunctive-relief factors and only lists them in conclusory fashion. And he does not offer any security to pay Defendants' costs and damages if they are wrongly restrained. *See* Fed. R. Civ. P. 65(c). So the Court denies the motion.

But the motion's failures are emblematic of a larger problem—Plaintiff's claims are frivolous. The Court dismisses the complaint for four reasons. First, Plaintiff's complaint is grounded in frivolous "sovereign citizen" allegations. Sovereign citizens usually believe they are not subject to government authority. *See Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017). Sovereign citizens often "employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Most courts, including those in the Eleventh Circuit, summarily reject their legal theories, arguments, and allegations as frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013).

Plaintiff does not refer to himself as a sovereign citizen, but his filings "bare all the hallmarks of the sovereign citizen theory." *Young v. PNC Bank, N.A.*, No. 3:16-cv-298, 2018 WL 1251920, at n.1 (N.D. Fla. Mar. 12, 2018). Plaintiff places his thumb print on his filings, describes himself as a "living

man" and "of the House of Colella," and uses old-timey legalese to assert nonsense claims. (Doc. 1 at 4; Doc. 2 at 1). The style of his filings and the nature of his claims show that he is a sovereign citizen. *See, e.g.*, *McCall*, No. CV 1:24-MI-14-TCB-JKL, 2024 WL 1592692, at *1 (N.D. Ga. Mar. 11, 2024) (describing the use of a "thumb print in red ink" as a "sovereign citizen invocation[]"); *Garris v. Shellpoint Mortg. Servs.*, No. 122CV04591SCJCMS, 2023 WL 4047679, at *2 (N.D. Ga. Mar. 28, 2023*), report and recommendation adopted in part, rejected in part*, 2023 WL 8785146 (Apr. 28, 2023) (describing the title "the living soul Viola Delores of the House of Garris Bey" as using "terms often utilized by persons espousing views held by sovereign citizens").

Second, Plaintiff purports to sue as the "General Executor" of a trust. But a trust "is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020). So Plaintiff cannot pursue this action without an attorney.

Third, "Under the *Rooker-Feldman* abstention doctrine, it is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005) (cleaned up). Plaintiff asks the Court to "remove or nullify the enforcement record from the state foreclosure docket" and "restrain and enjoin the named Defendants from executing or enforcing a VOID and

4

constitutionally defective foreclosure judgment entered **April 29, 2025** in Florida State Case No. **24CA001417AX**." (Doc. 1 at 4; Doc. 3 at 1) (emphasis in original). The Court lacks jurisdiction to do so. *See Scheibe v. Wells Fargo Bank, N.A.*, No. 8:24-CV-1153-SPF, 2025 WL 1289471, at *3 (M.D. Fla. May 1, 2025) ("Because Plaintiff's claims challenging the state court's final judgment of foreclosure are barred under the *Rooker-Feldman* doctrine, the Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.").

Fourth, the complaint is a shotgun pleading. It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). It also brings "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* The complaint's pleading deficiency makes it "virtually impossible to ascertain . . . which defendant committed which alleged act" for Defendants to defend the claims against them. *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996).

Finally, "in light of the baseless legal theories underlying [Plaintiff's] claims," the Court finds that amendment of the complaint would be futile. *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming

the dismissal of a sovereign citizen's complaint without leave to amend); *Trevino*, 687 F. App'x at 862 (same).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is **DENIED**.

2. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 12, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record